900 F.2d 252
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold Franklin HOLLORAN, Petitioner-Appellant,
v.
Edward MURRAY, Director, Virginia Department of Corrections,
Respondent-Appellee.
 No. 89-6326.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 5, 1990.
Decided: March 23, 1990.
Rehearing Denied April 12, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (C/A No. 89-495)
 Harold Franklin Holloran, appellant pro se.
 Frank Snead Ferguson, Assistant Attorney General, Richmond, Va., for appellee.
 W.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harold Franklin Holloran, a state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition and denial of his motion for a new trial and amendment of judgment. Since Holloran's motion for new trial and amendment of judgment was untimely under Fed.R.Civ.P. 59,[1] it was ineffective to toll the appeal period for the underlying judgment under Fed.R.App.P. 4(a)(4). Browder v. Director, Dep't of Corrections, 434 U.S. 257 (1978). Holloran submitted his notice of appeal of the dismissed Sec. 2254 petition to prison authorities outside the 30-day period established by Fed.R.App.P. 4(a)(1)[2]; it was therefore untimely. See Houston v. Lack, 487 U.S. 266 (1988). He failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.App.P. 4(a)(5).
 
 
 2
 The time periods established by Fed.R.App. 4 are "mandatory and jurisdictional." Browder, 434 U.S. at 264 (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider an appeal of the judgment dismissing Holloran's Sec. 2254 petition.
 
 
 3
 Although Holloran's notice of appeal was untimely as to the denial of the Sec. 2254 petition, it was timely as to the denial of his motion for a new trial and amendment of judgment. However, our review of the record discloses that the district court's denial of the motion was not an abuse of discretion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART
 
 
 [1]
 A Rule 59 motion must be served within ten days of the entry of judgment
 
 
 [2]
 For the purposes of this appeal, we assume that the date appellant placed on the notice of appeal is the earliest date he would have submitted it to prison authorities